# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDIT S.,[1]<br>(A Number: 226-136-633)<br><br>Petitioner,<br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | Case No. 1:26-cv-05356-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. 1)<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Gurdit Singh is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 13, 2026, Petitioner filed a petition for writ of habeas corpus, (Doc. 1), a motion for temporary restraining order, (Doc. 2), and a motion to appoint counsel, (Doc. 3). In the petition, Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner claims that they should be immediately released because they have been detained for longer than the six-month presumptively reasonable period of detention, and there is good reason to believe his removal is not significantly likely to occur in the reasonably foreseeable future.

The Court hereby takes judicial notice of *Singh v. Chestnut, et al.*, No. 1:26-cv-03368-

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

JLT-EGC.[2] In that counseled petition, Petitioner claimed a violation of his Fifth Amendment due process rights and a violation of the Administrative Procedure Act. He claimed he should be released because removal was not likely in the reasonably foreseeable future. On June 12, 2026, the Court granted that petition and ordered Respondents to provide a substantive bond hearing. On July 13, 2026, Petitioner filed a pro se form petition and commenced the instant case. (Doc. 1). Although Plaintiff repeats his argument that he is entitled to bond hearing and seeks immediate release, he provides no legal basis for the requested relief.

"Pursuant to 28 U.S.C. § 2244(a), '[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." *Ader O.L. v. Warden, California City Immigration Center*, No. 1:26-cv-03385-TLN-AC, 2026 WL 1299005, at *1 (E.D. Cal. May 12, 2026); *Tate v. Borla*, No. 1:25-cv-01704 JLT SKO (HC), 2025 WL 3769421, at *1 (E.D. Cal. Dec. 31, 2025). Further, the Ninth Circuit has clarified that 28 U.S.C. § 2244(a) "prevents a federal inmate from using § 2241 'to call into question the validity of a conviction or sentence that has already been subject to collateral review,'" as "§ 2244(a) bars successive petitions seeking review of the propriety of a detention 'pursuant to a judgment of a court of the United States.'" *Ader O.L.*, 2026 WL 1299005, at *1 (first quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1988), then quoting *Felker v. Turpin*, 518 U.S. at 651, 662-63 (1996)).

Here, the undersigned finds the instant petition presents the same issues that were decided in the earlier action. In that earlier action, on June 12, 2026, District Judge Jennifer L. Thurston granted the petition and directed Respondents to provide a substantive bond hearing. (*See* 1:26-cv-03368, Doc. 7). In this second action, Petitioner contends his "continued detention is punitive in nature no longer served a valid civil immigration purpose, especially where removal is not imminent administratively and immigration relief is approved." (Doc. 1 at 2). Petitioner identifies

[2] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

the following grounds for relief: (1) unlawful and prolonged detention in violation of the Fifth Amendment and (2) "violation of Immigration and Nationality Act, continued detention is unjustified and violation of the [Fourth] Amendment." (*Id*. at 6; *see also id*. at 9–11), Petitioner requests the following relief: "Immediate release and grant an injunction that respondents be enjoined from re-detaining, absent a custody re-determination hearing before an Immigration Judge, and order that petitioner cannot be re-detains, absent a change in circumstances." (*Id*. at 7). Notably, the instant petition also indicates Petitioner has filed an appeal with the Board of Immigration Appeals following a removal order of May 6, 2026. (*Id*. at 5).[3]

The undersigned also finds that dismissing this action as successive would not prejudice Petitioner because even if the Court were to examine the merits, the undersigned observes that Petitioner's only new claim is that his detention is unconstitutionally prolonged pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).[4] And the relief available pursuant to *Zadvydas* is a bond hearing, which Petitioner has been given.[5] Further, *Zadvydas* addressed detentions under 8 U.S.C. §1231. Here, Petitioner appealed his order of removal to the BIA and thus it is not final, meaning Petitioner's detention still falls under section 1226(a).

In any event, the legality of Petitioner's detention has previously been determined by Judge Thurston and the instant petition is successive. *Ader O.L.,* 2026 WL 1299005, at *1.

**RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS the petition for writ of habeas corpus, (Doc. 1), be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge

---

[3] In their motion to dismiss filed July 16, 2026, Respondents state that a bond hearing was conducted June 26, 2026; bond was denied after Petitioner was determined to be a flight risk. (Doc. 7 at 1).

[4] Six months is a presumptively prolonged detention. Here, even presuming Plaintiff has been detained as early as March 1, 2026 since he does not provide a more specific date, Petitioner would not meet the presumptive period until September 1, 2026.

[5] Petitioner can request a further hearing if any circumstances change. *See Mosqueda Sandoval v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-02832-JLT-EGC, 2026 WL 1493110, at *3 (E.D. Cal. May 28, 2026) (denying habeas petition challenging adequacy of bond hearing and stating: "If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time,"( citing *Lopez v. Garland*, 631 F.Supp.3d 870, 877-82 (E.D. Cal. 2022))).

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 20, 2026**

Erin Sun Castillo
UNITED STATES MAGISTRATE JUDGE