**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GURDIT S.,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-05356-JLT-EGC (HC)

(A Number: 226-136-633)

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**

(Docs. 1, 11, 12)

Gurdit S. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 20, 2026, the assigned Magistrate Judge issued Findings and Recommendations to summarily deny the petition as duplicative of his earlier filed action 1:26-cv-03368-JLT-EGC. (Docs. 1, 11) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (*Id.* at 4-5.) Petitioner filed timely objections, (Doc. 13), along with a motion to have the matter reassigned. (Doc. 12.)

In the motion for reassignment, Petitioner directs to the Chief Judge his objection to having this matter proceed before the undersigned as related to his earlier-filed action: 1:26-cv-03368-JLT-EGC. (Doc. 12.) Eastern District of California Local Rule 123(a) provides that an action is related to another action when:

> (1) both actions involve the same parties and are based on the same or

> a similar claim;
>
> (2) both actions involve the same property, transaction, or event;
>
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
>
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

The undersigned entered an order relating and reassigning the matter pursuant to Local Rule 123(c) because both actions involved the same parties, the same event (Petitioner's detention), and overlapping legal issues. Petitioner argues that the cases are not related because additional events have occurred in his immigration case and because he has new facts regarding his personal circumstances and health. (Doc. 12.) To the extent Petitioner is seeking reconsideration of the reassignment decision, the request is **DENIED**. The related case rule does not require that the two cases be identical, only that there are overlapping parties and/or issues and that this overlap warrants reassignment to the same judicial officers who handled the initial case. To the extent Petitioner is requesting that the Chief Judge rule on this motion, though the Local Rules allow the Chief Judge to reassign related cases, nothing in the rules provides a procedure by which he may reconsider another judge's decision to invoke the related case rule.

Turning to the merits, according to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes dismissal is appropriate, though on somewhat modified grounds. The Court agrees with the Findings and Recommendations that many of the issues in this matter duplicate those issues raised in the previous action. The one possible exception, as Petitioner correctly points out, is his prolonged detention claim. (Doc. 13 at 2.) The Findings and Recommendations do not engage with this claim, having assumed Petitioner's detention began on March 1, 2026, so thus he could not bring a prolonged detention claim until September 1, 2026. (Doc. 11 at 3 n. 4.) However, as indicated in the related case, Petitioner has been detained since October 30, 2025. (Case No. 1:26-cv-03368-JLT-EGC, Doc. 7 at 2.)

Nonetheless, even revisiting the timeline of his detention, this claim runs into an

additional problem: the remedy for a prolonged detention claim is a bond hearing. *See Doe v. Andrews*, No. 1:25-CV-00333-JLT-HBK (HC), 2026 WL 797694, at *9 (E.D. Cal. Mar. 23, 2026) (collecting cases concerning due process right to a bond hearing in case of prolonged detention). Petitioner received a bond hearing on June 12, 2026. (Doc. 1.) Petitioner fails to advance any reasons why he should be entitled to a second bond hearing, particularly given that his initial bond hearing occurred less than two months ago. Thus, even considering the sole non-duplicative claim, this action must be dismissed. *See Doe*, 2026 WL 797694, at *10 (discussing examples of cases where detention was considered prolonged).

1. The request for reassignment (Doc. 12) is **DENIED**.
2. Findings and Recommendations issued July 20, 2026 (Doc. 11) are **ADOPTED** in as modified.
3. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**, without prejudice as to the non-duplicative, prolonged detention claim.
4. The Clerk of the Court is directed to terminate any deadlines or motions and to close this case.

IT IS SO ORDERED.

Dated: August 6, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE